IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**MACKENZIE DAVIS, DEREK COMEAUX,**        **PLAINTIFFS**
**CASEY HAYES, COREY HUDSON and**
**RON MIGUES, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                  No. 7:20-cv-109

**NEXTIER OILFIELD SOLUTIONS, INC.,**        **DEFENDANTS**
**NEXTIER COMPLETION SOLUTIONS, INC.,**
**and C&J ENERGY SERVICES, INC.**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Mackenzie Davis, Derek Comeaux, Casey Hayes, Corey Hudson and Ron Migues (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant NexTier Oilfield Solutions, Inc., NexTier Completion Solutions, Inc., and C&J Energy Services, Inc. (collectively "Defendant" or "Defendants"), they state and allege as follows:

## I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all other similarly situated employees of Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all other hourly-paid employees lawful overtime compensation for hours in excess of forty (40) hours per week.

3.     Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4.     The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.     Defendant conducts business in this District and a substantial part of the events alleged herein occurred in this District.

6.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7.     On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III.     THE PARTIES

10.     Plaintiff Mackenzie Davis ("Davis") is an individual and a citizen and resident of Harris County.

11.     Plaintiff Derek Comeaux ("Comeaux") is an individual and a citizen and resident of St. Landry Parish, Louisiana.

12.     Plaintiff Casey Hayes ("Hayes") is an individual and a citizen and resident of Acadia Parish, Louisiana.

13.     Plaintiff Corey Hudson ("Hudson") is an individual and a citizen and resident of Santa Rosa County, Florida.

14.     Plaintiff Ron Migues ("Migues") is an individual and a citizen and resident of Iberia Parish, Louisiana.

15.     Defendant NexTier Oilfield Solutions, Inc., ("NexTier Oilfield"), is a foreign, for-profit corporation registered to do business in Texas.

16.     NexTier Oilfied's registered agent for service is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

17.     Defendant NexTier Completion Solutions, Inc. ("NexTier Completion"), is a foreign, for-profit corporation registered to do business in Texas.

18.     NexTier Completion's registered agent for service is C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

19.     Defendant C&J Energy Services, Inc. ("C&J") is a foreign, for-profit corporation registered to do business in Texas.

20.     C&J's registered agent for service is CSC-Lawyers Incorporating, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

21.     Defendant maintains a website at https://nextierofs.com/.

### IV.     FACTUAL ALLEGATIONS

18.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated herein.

19.     Defendants have unified operational control and management, as well as

control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

20.    Upon information and belief, the revenue generated from Defendants' entities is merged and managed in a unified manner.

21.    As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

22.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of exercise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

23.    Defendant was at all times relevant hereto Plaintiffs' employer, as well as the employers of the members of the proposed collective and are and have been engaged in the interstate commerce as that term is defined under the FLSA.

24.    Defendant operates an oil and natural gas company with locations across the United States including several in Texas.

25.    Upon information and belief, NexTier Oilfield and NexTier Solutions were formed when C&J merged with another company. However, C&J maintains a separate filing with the Secretary of State, although its principal address is the same as that of the NexTier Defendants.

26.    Plaintiffs were hired by Defendant as hourly employees at Defendant's location in Midland, during the three years preceding the filing of this Complaint.

27.    During Plaintiffs' employment, Defendant classified Plaintiffs as non-

exempt from the overtime requirements of the FLSA and paid Plaintiffs an hourly wage.

28.    At all times material hereto, Plaintiffs were entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

29.    Plaintiff Davis worked for Defendant as an hourly-paid coil tubing operator from November of 2015 until April of 2020.

30.    Plaintiff Comeaux currently works and has worked for Defendant as an hourly-paid coil tubing operator since December of 2018.

31.    Plaintiff Hayes currently works and has worked for Defendant as an hourly-paid service supervisor since July of 2018.

32.    Plaintiff Hudson currently works and has worked for Defendant as an hourly-paid senior lead operator since March of 2018.

33.    Plaintiff Migues worked for Defendant as an hourly-paid lead coil tubing operator from March of 2017 until January of 2019.

34.    Plaintiffs and other hourly-paid employees received a flat daily rate in addition to their hourly rates when they worked at a job site.

35.    This daily rate was essentially a bonus paid to Plaintiffs and other hourly-paid employees for each day worked.

36.    Plaintiffs and other hourly-paid employees received bonuses for jobs that they worked on.

37.    Plaintiffs and other hourly-paid employees received a monthly housing allowance.

38.    Plaintiff and other hourly-paid employees regularly worked in excess of forty (40) hours per week while working for Defendants.

39.   Defendant paid Plaintiffs and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

40.   However, Defendant did not include all forms of compensation, such as nondiscretionary bonuses, day rates and housing allowances given to Plaintiffs and other hourly-paid employees, in their regular rate of pay when calculating their overtime rate of pay.

41.   Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as nondiscretionary bonuses, day rates and housing allowances, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

42.   Defendant violated the FLSA by not including all forms of compensation, such as nondiscretionary bonuses, day rates and housing allowances, in Plaintiffs' and similarly situated employees' regular rate when calculating their overtime pay.

43.   Upon information and belief, Defendant's pay practices were the same for all hourly workers at all of Defendant's locations.

44.   The pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policies were centralized human resources policies implemented uniformly from Defendant's principal office.

45.   Defendant knew or showed reckless disregard for whether the way they paid Plaintiffs and similarly situated employees violated the FLSA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

46.   Plaintiffs repeat and re-allege all the preceding paragraphs of this

Complaint as if fully set forth in this section.

47.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

48.     Plaintiffs bring their FLSA claims on behalf of all other hourly-paid employees who were employed by Defendant at any time within the applicable statute of limitations period.

49.     Plaintiffs and all other similarly situated employees were classified by Defendant as non-exempt from the overtime requirements of the FLSA and are entitled to payment of the following types of damages:

A.     Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B.     Liquidated damages; and

C.     Attorney's fees and cost.

50.     The relevant time period dates back three (3) years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

51.     The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They were employed by Defendant;

C.     They were paid hourly rates;

D.     They recorded their time in the same manner;

E.      They received nondiscretionary bonuses;

F.      They received a daily bonus in addition to their hourly rate;

G.      They received housing allowances; and

H.      They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

52.     Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds eighty (80) persons.

53.     Plaintiffs have filed or will soon file written Consents to Join this lawsuit.

54.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

55.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

56.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57.     Defendant violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiffs for all hours worked over forth (40) each week.

58.     Defendant violated Section 778.208 of Title 29 of the CFR by not including all forms of compensation, such as nondiscretionary bonuses, day rates and housing allowances, in Plaintiffs' regular rates when calculating their overtime pay.

59.     Defendant's conduct and practice, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

60.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

61.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.     SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

62.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

63.     Plaintiffs bring this collective action on behalf of all similarly situated employees to recover monetary damages owed by Defendant to Plaintiffs and members of the collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

64.     Plaintiffs bring this action on behalf of themselves and all similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

65.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

66.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

67.     Defendant classified Plaintiffs and all other similarly situated employees who received nondiscretionary bonuses, day rates and housing allowances as non-exempt from the overtime requirements of the FLSA and paid them an hourly wage.

68.     Defendant violated 29 U.S.C.S. § 207 by failing to pay a proper overtime premium to Plaintiffs and other similarly situated employees for all hours worked over forty (40) each week.

69.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as nondiscretionary bonuses, day rates and housing allowances, in Plaintiffs' and all other similarly situated employees' regular rate when calculating their overtime pay.

70.     Defendant failed to pay Plaintiffs and similarly situated employees at the proper overtime rate.

71.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in collective of hourly-paid employees who

received nondiscretionary bonuses, day rates and housing allowances may be properly defined as follows:

> **All hourly-paid employees within the three (3) years preceding the filing of the Complaint, to whom Defendant gave a nondiscretionary bonus, day rate and/or housing allowance attributable to work performed in at least one week in which the employee worked more than forty (40) hours.**

72.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

73.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

74.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Mackenzie Davis, Derek Comeaux, Casey Hayes, Corey Hudson and Ron Migues, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiffs, the collective members, and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B.      A declaratory judgment that Defendant's practices violate the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.      Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.      Judgment for damages for all unpaid overtime compensation under the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.      An order directing Defendant to pay Plaintiffs and the collective such interest, reasonable attorney's fees and all costs connected with this action; and

G.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**MACKENZIE DAVIS, DEREK COMEAUX, CASEY HAYES, COREY HUDSON and RON MIGUES, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

**Mackenzie Davis, et al. v. NexTier Oilfield Solutions, Inc., et al.**
**U.S.D.C. (W.D. Tex.) No. 7:20-cv-109**
**Original Complaint—Collective Action**